## EX PARTE JESSE McCUISTION.

No. 21801. Delivered October 15, 1941.

The opinion states the case.

*Saunders & Saunders,* of San Antonio, and *McKie & Hill,* of San Marcos, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was convicted of swindling, his punishment being fixed at two years in the penitentiary. He gave notice of appeal to the Court of Criminal Appeals, and the trial court fixed his bail pending appeal at the sum of two thousand dollars. Subsequently, through a habeas corpus proceeding before the same trial court he sought a reduction of bail. The trial court refused such reduction and remanded appellant, from which order this appeal is prosecuted.

The statement of facts brought before us in this habeas corpus proceeding shows that an unsuccessful effort has been made to furnish bail in the sum of two thousand dollars, but that, in all probability, sureties could be obtained to make bond in the sum of one thousand dollars.

"The ability to make bail is to be regarded * * *." Subdivision

4, Art. 281. This, however, is not the controlling feature. Subdivisions 1, 2 and 3 of said article read as follows:

"1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

"2. The power to require bail is not to be so used as to make it an instrument of oppression.

"3. The nature of the offense and the circumstances under which it was committed are to be considered."

The facts developed on the trial were, of course, known to the trial judge when he was called upon to fix the amount of bail pending appeal, and thus, he was apprised of "the nature of the offense and the circumstances under which it was committed," and in that respect occupies a much more favorable position than does this court, which does not have before it in this proceeding the evidence on the original trial, but knows only from the indictment the nature of the offense charged.

We are cited by appellant to cases in which bail has been reduced, and by the State to cases where the refusal to reduce bail has been sustained. Particular cases are of little aid in matters of this kind except as they illustrate the application of principles, as each case necessarily rests upon the particular facts thereof.

We find ourselves unwilling to hold as a matter of law that the amount of bail fixed by the trial court in this instance was the exercise of such power in an oppressive manner, or that the amount of such bail was excessive.

The judgment is affirmed.